**Judith T. TRAGER, Plaintiff,**

v.

**WALLACE BERRIE & CO., INC., et al., Defendants.**

**Civ. A. No. 84–1060.**

United States District Court, District of Columbia.

Aug. 27, 1984.

Richard W. Goldman, Hunton & Williams, Washington, D.C., for defendant Wallace Berrie & Co., Inc.

Frank J. Martell, Washington, D.C., for defendants Solomon, Morrow, Keener, and Adkins.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

The four individual defendants, Robert Solomon, John Morrow, Joe Keener, and Ruby Adkins, reside and work in California, New Jersey, Georgia, and Virginia, respectively. For the following reasons, the Court finds that personal jurisdiction may not be exercised over any of these defendants. Defendant Wallace Berrie & Co., Inc., does not contest this Court's jurisdiction over it.

*District of Columbia Long-Arm Statute*

Pursuant to the Fed.R.Civ.P. 4(e) and 4(f), federal courts may look to state law in ascertaining the manner in which a nonresident party may be subjected to federal court jurisdiction. *Lott v. Burning Tree Club, Inc.,* 516 F.Supp. 913, 915 (D.D.C.1980). The threshold question is whether the District of Columbia long-arm statute, D.C.Code § 13–423 (1981), permits exercising jurisdiction over the individual defendants. After deciding that question, the Court must determine whether exercising jurisdiction comports with constitutional due process requirements. *Gatewood v. Fiat, S.P.A.,* 617 F.2d 820, 823 (D.C.Cir. 1980). Plaintiff bears the burden of proof of establishing the propriety of the asserted jurisdictional bases. *Lott, supra,* 516 F.Supp. at 918.

In her opposition, plaintiff seemingly alleges that jurisdiction could be asserted under either § 13–423(a)(1) or (a)(4). However, her argument focuses exclusively on (a)(4). The Court finds there is no evidence supporting jurisdiction under either section.

§ 13–423(a)(1) Jurisdiction over a Person for Relief Arising from the Person's Business Transactions in the District

George R. Clark, Pierson, Ball & Dowd, Washington, D.C., for plaintiff.

§ 13–423(a)(4)   Injury Caused Within the District and Sufficient Contacts with the District

Under § 13–423(a)(1), both the act and its effect must occur in the District of Columbia, and the provision is coextensive with due process considerations. *Smith v. Jenkins*, 452 A.2d 333, 336 (D.C.1982). Three criteria must be met for this Court to acquire jurisdiction under § 13–423(a)(4). There must be (1) a tortious injury within the District of Columbia which was caused by (2) defendants' acts or omissions outside the District of Columbia, (3) if the defendants have one of the three specified "minimum contacts" within the District of Columbia. *Akbar v. New York Magazine*, 490 F.Supp. 60, 63 (D.D.C.1980). These "minimum contacts" are regularly doing or soliciting business within the District of Columbia; engaging in any other persistent course of conduct within the District of Columbia; or deriving substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. The facts establish that there is no jurisdiction under either section.

Plaintiff does not refute the defendants' assertion that she was told of her termination by defendant Solomon while at a company meeting in Los Angeles, California. [Affidavits of Solomon ¶ 7 at 2; Morrow ¶ 7 at 2; Adkins ¶ 5 at 2.] The District of Columbia was one of four geographic areas constituting plaintiff's sales territory for the Applause Division of defendant Wallace Berrie & Co. Therefore, under the sales personnel agreement, plaintiff could be deemed to have been injured in any or all of these areas since she would not be able to continue selling defendant company's products in this territory, nor call on customers in these areas for six months after the termination of her employment with defendant company. However, even assuming, *arguendo*, that the defendant Solomon's act in Los Angeles caused an injury, if any, in the District of Columbia, none of the "minimum contacts" requirements is met for any of the individual defendants.

There is evidence that Wallace Berrie & Co. regularly does or solicits business in the District of Columbia, but there is no evidence that the four defendants ever did so, or that any of them engaged in any other persistent course of conduct here. While defendant Adkins admits to transacting business in the District of Columbia, she was not the one who told plaintiff of her termination. Equally importantly, plaintiff does not refute the assertion that Adkins did not become responsible for the geographical sales territory in which plaintiff had worked until after plaintiff left the company. Nor is there any evidence that any of the individual defendants obtained substantial revenue from goods sold or services provided in the District of Columbia. *See Security Bank, N.A. v. Tauber*, 347 F.Supp. 511, 516 (D.D.C.1972) (it was evident that the corporation "transacted" substantial business in the District of Columbia through its agents, but the individual defendant had transacted none so the court could not exercise jurisdiction under § 13–423(a)(1) and (a)(4)). The four defendants were sued in both their individual and corporate capacities, but plaintiff has not proffered any evidence of contacts the defendants had with the District of Columbia. *See Aiken v. Lustine Chevrolet, Inc.*, 392 F.Supp. 883, 886 (D.D.C.1975) (salesman sued in his individual capacity, but record was devoid of any evidence showing he had any contacts with the District of Columbia; the corporation's business solicitation activities within the District of Columbia were not shared by the salesman as an individual so court granted his motion to dismiss for lack of personal jurisdiction). There is no § 13–423(a)(1) "transacting business" jurisdictional prerequisite present.

Finally, plaintiff offers no factual support for her assertions that defendants Keener and Adkins derived a portion of their income from the District of Columbia sales personnel for defendant corporation, or, as alleged, that defendant Morrow derived a "substantial income" from District sales. Plaintiff has not carried her burden. Moreover, these same reasons support the

finding that the allegedly defamatory remarks made by defendant Solomon during the Los Angeles meeting which, *arguendo*, might have caused an injury in the District of Columbia, do not support a finding of personal jurisdiction; the constitutionally critical "minimum contacts" with the District of Columbia do not exist for him or any other individual defendant.

The Court may not permissibly exercise personal jurisdiction under D.C.Code § 13–423(a)(1) or (a)(4). Therefore, the motion to dismiss by the four individual defendants must be granted. An order to such effect accompanies this Memorandum Opinion.